UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLOVIA DELGADO                              No. 2:11-cv-00485-MCE-DAD

      Plaintiff,

  v.                                        **MEMORANDUM AND ORDER**

UNITED FACILITIES, INC., and
DOES 1 through 50, inclusive,

      Defendants.

----oo0oo----

Plaintiff, Clovia Delgado ("Plaintiff") alleges several claims against Defendant, United Facilities ("Defendant"), including disability discrimination, wrongful termination, and violations of the Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA").  Defendant has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c).[1]  (ECF No. 5.) Plaintiff has filed an opposition to this motion. (ECF No. 6.).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

For the reasons stated below, Defendants' Motion will be granted.[2]

### BACKGROUND[3]

Plaintiff began working for Defendant in July 2003.  On or about October 2008, Plaintiff took a medical leave of absence from her employment after she began experiencing problems with her back.  Plaintiff was released to return to work effective January 2009, but was instructed by her health care provider to stretch once every hour.  Defendant did not, at that point, have Plaintiff return to work.

A letter to Plaintiff from Defendant's human resources manager, Renna Bliss, dated April 20, 2009 referenced a previous conversation between the two in which Plaintiff said she was "hoping to have [her] doctor release [her] without restrictions as [she] believed she could do the job."[4]  (Decl. of Renna Bliss Ex. B.)

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's complaint unless otherwise specified.

[4] Pursuant to U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003), this Court incorporates by reference within Plaintiff's complaint the April 20, 2009 letter from Defendant to Plaintiff regarding her medical leave and return to work.

1  Ms. Bliss noted in the letter that Defendant had not received any
2  follow-up information from Plaintiff or her physician, and that
3  she had used all of the time off work allotted to her under the
4  Family and Medical Leave Act, as well as additional time
5  permitted under the Americans with Disabilities Act.  Id.
6  Ms. Bliss' letter requested an update in writing from Plaintiff's
7  physician regarding her condition and whether she would be able
8  to return to work without restrictions.  Id.
9      On December 28, 2009, nearly a year after Plaintiff alleges
10 her physician released her back to work with restrictions,
11 Defendant permitted Plaintiff to return to work.  Plaintiff
12 alleges that Defendant refused to allow her to return to work
13 until that time because her health care providers required her to
14 stretch every hour.  Plaintiff maintains that the reason she was
15 finally permitted to return to work was only because her health
16 care providers determined she no longer had any work
17 restrictions.  She subsequently filed the present lawsuit which,
18 as stated above, alleges physical disability discrimination,
19 wrongful termination, and violations of California Government
20 Code § 12940(m) and (n) and the California Family Rights Act.
21
22                              **STANDARD**
23
24     A motion for judgment on the pleadings pursuant to Rule
25 12(c) challenges the legal sufficiency of the opposing party's
26 pleadings.  See, e.g. Westlands Water Dist. v. Bureau of
27 Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).
28

Any party may move for judgment on the pleadings under Rule 12(c) after the pleadings are closed but within such time as to not delay trial.  A motion for judgment on the pleadings should only be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party "'clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law.'" Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989)).  Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

///
///

4

Although "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing ... grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Courts have discretion to grant leave to amend in conjunction with motions made pursuant to Rule 12(c). Moran v. Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993) (citing Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

Generally, leave to amend a complaint is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

### A.   Disability Discrimination

Plaintiff alleges that Defendant discriminated against, and decided not to employ, Plaintiff due to her physical disability. Defendant maintains that Plaintiff has failed to establish a prima facie case for disparate treatment discrimination arguing that Plaintiff does not identify what discrimination she experienced, and that she has pled no adverse employment action taken against her.

FEHA unambiguously permits an adverse employment action on the basis of disability if the disability renders the employee unable to perform the essential duties of the job even with reasonable accommodation. Green v. State of Cal., 42 Cal. 4th 254, 264 (2007). For employment discrimination claims, the complaint need not contain specific facts establishing a prima facie case of discrimination. Twombly, 550 U.S. 544, 569-70 (aff'g Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002)). However, the complaint must plead some minimal factual basis to support a conclusion that plaintiff can perform the essential functions of the job with or without accommodation. Kelley v. Corr. Corp. of Am., No. 10-1294, 2010 WL 3853182, at *5

6

(E.D. Cal. Sept. 30, 2010) (internal citations omitted). Plaintiff has an obligation to provide the 'grounds' of his or her 'entitlement to relief,' which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555 (internal citations omitted). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id.

Plaintiff's first claim for disability discrimination is inartfully pled. Aside from alleging that she suffered from a disability, Plaintiff has not pled any clear facts that establish, or even necessarily infer, a claim for disability discrimination. Though Plaintiff need not establish a prima facie case at this stage in the pleadings, the complaint must contain more detailed factual allegations to raise her claim above a level of mere speculation.

Plaintiff is unclear as to what adverse employment effects she suffered. Paragraphs 8-9 of Plaintiff's complaint allege that she was only on medical leave until January 2009, and not through December 2009 when Defendant invited her to return to work. However, the letter from Ms. Bliss to Plaintiff, which has been incorporated into the pleadings, indicates that she was still on medical leave as of April 20, 2009. These facts are inconsistent and do not on their face reasonably lead to a conclusion of discriminatory action on the part of Defendant.

Regardless of which action Defendant took in regards to Plaintiff's employment, the complaint as pled does not provide a right to relief for disability discrimination.

7

1  If Plaintiff was on extended medical leave through December 2009,
2  then it does not appear from the facts that she suffered any
3  discrimination.  To the contrary, it would appear she received a
4  substantial amount of medical leave for her disability.
5  Additionally, even iff Defendant in fact terminated Plaintiff, or
6  unreasonably delayed her reinstatement, neither of these actions
7  is necessarily "adverse" under FEHA if Plaintiff was not able to
8  perform the essential duties of her job due to her restrictions.
9  An employer is not required under FEHA to re-employ an individual
10 incapable of performing essential duties, and Plaintiff's
11 complaint should provide information describing the essential
12 elements of her position with or without reasonable
13 accommodations.  See Kelley, No. 10-1294, 2010 WL 3853182, at *5.
14 Plaintiff has not pled sufficient facts to establish that she
15 suffered an adverse employment action due to her disability.
16 Plaintiff alleges that her health care provider released her to
17 work with restrictions in January 2009, but has not alleged that
18 she was able to perform the essential duties of the job with
19 reasonable accommodations.
20     Plaintiff argues in her opposition that the April 20, 2009
21 letter confirmed Defendant's intent to discriminate by
22 prohibiting her reinstatement until she was able to return to
23 work without restrictions.  Plaintiff further argues that
24 Defendant's policy requiring an employee to be 100 percent healed
25 before reinstatement is a per se violation of FEHA.
26 ///
27 ///
28

8

1  While such a policy would indeed be a per se violation of FEHA
2  (See <u>McGregor v. Nat'l R.R. Passenger Corp.</u>, 187 F. 3d 1113, 1116
3  (9th Cir. 1999)), the rule does not apply in this case.
4  Plaintiff has pled no facts to support her contention that
5  Defendant has such a policy.  Assuming Defendant did refuse to
6  reinstate Plaintiff until she was 100 percent healed, nothing in
7  the complaint shows that this action was part of a broader
8  policy.  Nor does the complaint allege that she need not be 100
9  percent healed in order to perform the essential functions of her
10 position.
11      Plaintiff has not pled sufficient facts to demonstrate that
12 she suffered an adverse employment action due to her physical
13 disability.  Defendant's Motion for Judgment on the Pleadings as
14 to Plaintiff's claim for disability discrimination is accordingly
15 granted, with leave to amend.

**B.   Violation of California Family Rights Act**

19      Plaintiff alleges in her fourth cause of action that
20 Defendant violated the CFRA, which requires an employer to allow
21 an employee medical leave and refrain from terminating plaintiff
22 during the time period of that medical leave.  Plaintiff alleges
23 that "Defendant failed to provide Plaintiff with said medical
24 leave and/or Defendant terminated Plaintiff during the time
25 period of said medical leave." (Compl. at ¶ 29.)  Defendant
26 argues that Plaintiff has pled no facts to support her allegation
27 that Defendant failed to provide Plaintiff with medical leave.

9

1  According to Defendant, the complaint appears to allege, to the
2  contrary, that Plaintiff was provided with "too much medical
3  leave" in that the gravamen of her complaint is that she wished
4  to return to work sooner. (Def.'s Mot. for J. on the Pld.'s at
5  6.)  Indeed, the April 20, 2009 letter Plaintiff refers to in her
6  complaint explicitly references the fact that she was on medical
7  leave as of that date and that she had used up all her allotted
8  medical leave.
9      Nothing in Plaintiff's complaint supports her contention
10 that she was not given medical leave due under CFRA.  As to
11 Plaintiff's contention that she was terminated while on medical
12 leave, Plaintiff has pled no facts to demonstrate that she was
13 terminated at all.  The very fact that Plaintiff states in her
14 complaint that she was permitted to return to work on December
15 28, 2009 belies any contention that she was terminated.  Without
16 more facts to illustrate the circumstances which led Plaintiff to
17 believe she had been terminated sometime between January and
18 December of 2009, this claim cannot stand.  Defendant's Motion
19 for Judgment on the Pleadings as to Plaintiff's fourth claim for
20 violations of CFRA is granted with leave to amend.

### C.   **Wrongful Termination in Violation of Public Policy**

24     Plaintiff's fifth cause of action alleges that Defendant
25 wrongfully terminated her in violation of clearly stated public
26 policy which prohibits an employer from terminating employment
27 due to an employee's physical condition.

1  Defendant argues once again that this claim fails to plead
2  sufficient facts to support her contention that Defendant
3  terminated her employment.  As noted above, this Court agrees and
4  can proceed no further on this claim until Plaintiff pleads
5  specific facts that demonstrate she was in fact terminated.
6  Defendant's Motion for Judgment on the Pleadings as to
7  Plaintiff's fifth claim for wrongful termination in violation of
8  public policy is granted with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (ECF No. 5) is GRANTED.  Plaintiff may file an amended complaint not later than twenty (20) days following the date of this Memorandum and Order should she choose to do so.  If no amended complaint is filed within that period, those claims dismissed pursuant to this Memorandum and Order will be dismissed, with prejudice and without further notice to the parties herein.

IT IS SO ORDERED.

Dated: April 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11