1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  CLOVIA DELGADO                    No. 2:11-cv-00485-MCE-DAD

12          Plaintiff,

13      v.                            **MEMORANDUM AND ORDER**

14  UNITED FACILITIES, INC., and
    DOES 1 through 50, inclusive,
15

16          Defendants.

17
                        ----oo0oo----
18

19      Plaintiff Clovia Delgado ("Plaintiff") alleges several

20  claims against Defendant United Facilities ("Defendant"),

21  including disability discrimination in violation of the Fair

22  Employment and Housing Act ("FEHA"), violations of the California

23  Family Rights Act ("CFRA"), and tortious termination in violation

24  of public policy.[1]

25  ///

26  _____

27       [1]  These claims are pled as the First, Fourth, and Fifth
    causes of action, respectively, in Plaintiff's First Amended
28  Complaint ("FAC").  (ECF No. 11.)

                            1

Defendant has filed a Motion to Dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  (ECF No. 12.)  For the reasons stated below, Defendant's Motion will be granted.[3]

## BACKGROUND[4]

Plaintiff began working for Defendant in 2003.  Plaintiff worked as a shipping and receiving clerk and her job duties included typing and completing paperwork.

On or about October 28, 2008, Plaintiff took a medical leave of absence from her employment after she began experiencing problems with her back.  Plaintiff was released to work effective January 2009.  Plaintiff was instructed by her health care providers to stretch once per hour.  Plaintiff alleges that this work instruction/restriction did not prevent her from performing the essential duties of a shipping and receiving clerk.

Defendant did not, at this point, have Plaintiff return to work.  According to Plaintiff, on or around January 26, 2009, Defendant's human resources managers, Brian Jorgenson and Renna Bliss, refused to permit Plaintiff to return to work and "terminated" her because of her back condition and instruction/work restriction to stretch once per hour.

---

[2]  All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3]  Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.

[4]  The factual assertions in this section are based on Plaintiff's FAC unless otherwise specified. (See FAC, ECF No. 11.)

2

1  Mr. Jorgenson and Ms. Bliss allegedly informed Plaintiff that
2  Defendant's policy was that Plaintiff must be able to work
3  without restriction.  At this point, Defendant stopped paying
4  Plaintiff's wages.  In March 2009, Defendant stopped paying
5  Plaintiff's health insurance benefits.

6      On December 17, 2009, Plaintiff filed a complaint (the "DFEH
7  Complaint") with the California Department of Fair Employment and
8  Housing ("DFEH") alleging she was fired, denied employment,
9  denied accommodation and denied family or medical leave because
10 of her physical disability.  (FAC, Ex. 1.)  Plaintiff indicated
11 the reason for Defendant's treatment was that her "[d]octor
12 release indicated work restrictions."  (Id.)  Plaintiff offered
13 no further explanation.  On January 12, 2010, Plaintiff received
14 a notice of closure of her case and right-to-sue letter from
15 DFEH.  (Id.)

16     On or about December 28, 2009, after not having worked for
17 almost a year, Defendant reinstated Plaintiff's employment
18 because Plaintiff's health care providers determined she no
19 longer required any work restrictions.  Plaintiff began receiving
20 compensation from Defendant on or about December 28, 2009.

21     On December 20, 2010, Plaintiff filed this action in the
22 Superior Court of California, County of San Joaquin, alleging
23 claims for disability discrimination in violation of FEHA,
24 failure to accommodate, failure to participate in the interactive
25 process, violations of the CFRA, and termination in violation of
26 public policy.  (ECF No. 1, Ex. A.)
27 ///
28 ///

3

On January 22, 2011, Defendant removed the action to this Court on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1 at 1.)

Defendant previously filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) challenging Plaintiff's claims for disability discrimination, violation of the CFRA and tortious termination in violation of public policy.  (ECF No. 5.) Defendant challenged these causes of action on grounds that Plaintiff was not actually terminated.

In support of the Motion for Judgment on the Pleadings, Defendant attached an April 20, 2009 letter from Ms. Bliss. Plaintiff referred to this letter in her original Complaint, alleging that Ms. Bliss "wrote a letter to Plaintiff dated April 20, 2009, confirming that in order to be allowed to return to work, Plaintiff must be able 'to work without work restrictions.'"  (See ECF No. 1, Ex. A ¶ 10.)  The letter referenced a previous conversation between Plaintiff and Ms. Bliss in which Plaintiff said she was "hoping to have [her] doctor release [her] without restrictions and [she] believed she could do the job."  (Decl. of Renna Bliss, ECF No. 12, Ex. C.) Ms. Bliss indicated to Plaintiff that "[w]e hope [that] you are on the mend and can return to work soon. . . ."  (Id.)

///
///
///
///
///
///

4

1  Ms. Bliss noted in the letter that Plaintiff had used all the

2  leave allotted to her under the Family Medical Leave Act

3  ("FMLA")[5], as well as additional time permitted under the

4  Americans with Disabilities Act ("ADA"). (Id.)  Ms. Bliss also

5  noted that Defendant had not received any follow-up information

6  from Plaintiff or her physician. (Id.)  Ms. Bliss requested an

7  update in writing from Plaintiff's physician regarding her

8  condition and whether and when she would be able to return to

9  work without restriction. (Id.)  The Court incorporated the

10 letter by reference within Plaintiff's Complaint pursuant to

11 U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). (See ECF

12 No. 9 at 2, fn.4.)

13     The Court granted Defendant's Motion for Judgment on the

14 Pleadings with leave to amend. (ECF No. 9.)  Plaintiff

15 subsequently filed the FAC and omitted all references to the

16 April 20, 2009 letter from Ms. Bliss to Plaintiff. (ECF No. 11.)

17

---

18 [5] The Court construes Ms. Bliss's use of the term "FMLA
   leave" as a reference to Plaintiff's CFRA leave, as CFRA and FMLA
19 leave are substantively identical.  Both the FMLA and CFRA
   prohibit employers from retaliating against employees for
20 exercising their right to take a medical leave of absence.
   Because the CFRA adopts the language of the FMLA and protect the
21 same rights, courts hold that the same legal standard applies to
   both claims.  Xin Liu v. Amway Corp., 347 F.3d 1125, 1132
22 (9th Cir. 2003) (explaining that both statutes guarantee that
   taking a medical leave "will not result in a loss of job security
23 or in other adverse employment actions"); Moreau v. Air France,
   2002 WL 500779, at *1 (N.D. Cal. Mar. 25, 2002) (discussing only
24 the FMLA claim because it and the CFRA claim are "substantively
   identical"); Escriba v. Foster Poultry Farms,2011 WL 4565857, at
25 * 3 fn.1 (E.D. Cal. Sept. 30, 2011)(since CFRA adopts the
   language of the FMLA and California state courts have held that
26 the same standards apply, any failure to establish a violation of
   FMLA will result in no finding of liability for a violation of
27 CFRA.); Dudley v. Dep't of Transp., 90 Cal. App. 4th 255, 261,
   108 Cal. Rptr. 2d 739 (2001); Pang v. Beverly Hospital, Inc.,
28 79 Cal. App. 4th 986, 993, 94 Cal. Rptr. 2d 643 (2000)

5

1   Defendant now moves to dismiss Plaintiff's claims for
2   disability discrimination in violation of FEHA, violation of the
3   CFRA, and tortious termination in violation of public policy.
4   Defendant argues that all of these causes of action are based on
5   the faulty premise that Defendant terminated Plaintiff's
6   employment.  (ECF No. 12 at 5.)  Defendant also requests the
7   Court take judicial notice of multiple documents, including the
8   April 20, 2009 letter from Ms. Bliss to Plaintiff.  (ECF
9   No. 12-2, Ex. A, B, C, D.)

10

11                          **STANDARD**

12

13  **A.  Motion to Dismiss**

14

15   On a motion to dismiss for failure to state a claim under
16  Federal Rule of Civil Procedure 12(b)(6), all allegations of
17  material fact must be accepted as true and construed in the light
18  most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut.</u>
19  <u>Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)
20  requires only "a short and plain statement of the claim showing
21  that the pleader is entitled to relief" in order to "give the
22  defendant fair notice of what the . . . claim is and the grounds
23  upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
24  555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A
25  complaint attacked by a Rule 12(b)(6) motion to dismiss does not
26  require detailed factual allegations.
27  ///
28  ///

                                6

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

///

///

1 | However, "[a] well-pleaded complaint may proceed even if it
2 | strikes a savvy judge that actual proof of those facts is
3 | improbable, and 'that a recovery is very remote and unlikely.'"
4 | Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

5 |     Generally, in the context of a motion to dismiss, review is
6 | limited to the contents in the complaint.  Allarcom Pay
7 | Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385
8 | (9th Cir. 1995).  When matters outside the pleading are presented
9 | to and accepted by the court, the motion to dismiss is converted
10 | into a summary judgment.  However, a court may consider certain
11 | materials -- documents attached to the complaint, documents
12 | incorporated by reference in the complaint, and matters subject
13 | to judicial notice -- without converting the motion to dismiss
14 | into a motion for summary judgment.  Ritchie, 342 F.3d at 908.

15 |     Thus, where a plaintiff fails to attach to the complaint
16 | documents referred to therein, and upon which the complaint is
17 | premised, a defendant may attach to the motion to dismiss such
18 | documents in order to show that they do not support plaintiff's
19 | claims.  See Branch v. Trunell, 14 F.3d 449, 454 (9th Cir.
20 | 1994)(overruled on other grounds); Knievel v. ESPN, 393 F.3d
21 | 1068, 1076 (9th Cir. 2005)(court may consider extrinsic documents
22 | when "the plaintiff's claim depends on the contents of the
23 | document, the defendant attaches the document to its motion to
24 | dismiss, and the parties do not dispute the authenticity of the
25 | document, even though the plaintiff does not explicitly allege
26 | the contents of that document in the complaint."); In Re Pacific
27 | Gateway Exchange, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001).
28 | ///

The document need only be "integral to plaintiff's claims
. . . ." Parrino v. FHP, Inc., 146 F.3d 699, 706, n.4 (9th Cir.
1998) (superseded by statute on other grounds as recognized in
Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir.
2006).  This rule precludes plaintiffs "from surviving a 12(b)(6)
motion by deliberately omitting references to documents upon
which their claims are based.  Id. at 705.

    Accordingly, the district court may consider the full texts
of documents that the complaint only quotes in part.  See In Re
Stay Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert.
denied, 520 U.S. 1103, 117 S.Ct. 1105, 137 L. Ed. 2d 308 (1997).
In addition, the court may disregard allegations in the complaint
if they are contradicted by facts established by exhibits
attached to the complaint.  During v. First Boston Corp.,
815 F.2d 1265, 1267 (9th Cir. 1987).

    A court granting a motion to dismiss a complaint must then
decide whether to grant leave to amend.  Leave to amend should be
"freely given" where there is no "undue delay, bad faith or
dilatory motive on the part of the movant . . . undue prejudice
to the opposing party by virtue of allowance of the amendment,
[or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S.
178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
be considered when deciding whether to grant leave to amend).
Not all of these factors merit equal weight.  Rather, "the
consideration of prejudice to the opposing party . . . carries
the greatest weight."
///

1    Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185

2    (9th Cir. 1987).  Dismissal without leave to amend is proper only

3    if it is clear that "the complaint could not be saved by any

4    amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d

5    1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411

6    F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil

7    Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be

8    granted where the amendment of the complaint . . . constitutes an

9    exercise in futility . . . .")).

10

11                              **ANALYSIS**

12

13   **A.   Judicial Notice**

14

15       Defendant requests the Court take judicial notice of the

16   following documents pursuant to Federal Rules of Evidence 201(b)

17   (authorizing judicial notice of adjudicative facts "capable of

18   accurate and ready determination by resort to sources whose

19   accuracy cannot be reasonably questioned"): (1) Plaintiff's

20   original Complaint; (2) Plaintiff's FAC; (3) the April 20, 2009

21   letter from Ms. Bliss to Plaintiff; and (4) the Black's Law

22   Dictionary definition of "termination."  (ECF No. 12-2, Ex. A, B,

23   C, D.)

24       Defendant's request for the Court to judicially notice

25   Plaintiff's Complaint and FAC are unopposed and will be granted,

26   although the Court notes that a request for judicial notice is

27   unnecessary for pleadings in the same case.

28   ///

                                 10

1  Defendant's request for the Court to take judicial notice of
2  the April 20, 2009 letter from Ms. Bliss is granted on several
3  grounds.  First, Plaintiff's initial Complaint expressly refers
4  to the document in question in paragraph 10.  See Pacific Gateway
5  Exchange, 169 F. Supp. 2d at 1164; Branch, 14 F.3d at 454.
6  Second, while the contents of the document are not explicitly
7  alleged in Plaintiff's Complaint or First Amended Complaint, this
8  letter is integral to Plaintiff's claim that she was
9  "terminated," as the letter suggests that Plaintiff was not
10 terminated, but on extended disability leave.  Knievel, 393 F.3d
11 at 1076 (the document's contents need not be explicitly alleged
12 in the complaint); Parrino, 146 F.3d at 706 n.4 (the document
13 need only be "integral to plaintiff's claims . . . .").  Third,
14 the Court cannot allow Plaintiff to survive a 12(b)(6) motion by
15 "deliberately omitting references to documents upon which their
16 claims are based."  Parrino, 146 F.3d at 705.  In this regard,
17 Plaintiff's attempt to distance her FAC from the April 20, 2009
18 letter is misplaced.  Further, neither Plaintiff, nor any other
19 party, question the authenticity of the letter or oppose the
20 request.  Lastly, the Court's consideration of April 20, 2009
21 letter does not convert Defendant's motion into one for summary
22 judgement.  See Ritchie, 342 F.3d at 908; see also Parrino,
23 146 F.3d at 706 n.4.  Consequently, because the Court finds that
24 the April 20, 2009 letter is integral to the facts on which the
25 Plaintiff bases her complaint, it is unquestionably central to
26 Plaintiff's claims and the Court may consider it here.
27 Accordingly, Defendant's request for judicial notice of the
28 April 20, 2009 letter is granted.

11

1    As a final matter, Defendant requests the Court take
2    judicial notice of the Black's Law definition of "termination."
3    Defendant's request is unopposed.  A dictionary definition is a
4    proper subject for judicial notice.  See Wayne v. Leal, 2009 WL
5    2406299, at *4 (S.D. Cal. Aug. 4, 2000)(noting that a court may
6    take judicial notice of facts "that are capable of accurate and
7    ready determination by resort to sources whose accuracy cannot
8    reasonably be questioned, such as an almanac, dictionary,
9    calendar, or other source"); Solid 21 v. Breitling USA, Inc.,
10   2011 WL 2938209 (C.D. Cal. July 19, 2011) (taking judicial notice
11   of the term "red gold" from the Oxford English Dictionary).
12   Accordingly, Defendant's request for judicial notice of the
13   definition of "termination" is granted.

14

15   **B.    Disability Discrimination**

16

17        In her First Cause of Action for physical disability
18   discrimination, Plaintiff alleges that Defendant discriminated
19   against, decided not to employ and terminated Plaintiff due to
20   her physical disability.  (FAC, ¶¶ 21-22.)  Defendant maintains
21   that Plaintiff has failed to establish a case for disparate
22   treatment discrimination by failing to plead facts sufficient to
23   support a claim that she was terminated.  (ECF No. 12 at 8-10.)
24   The centrality of Plaintiff's alleged termination to the
25   disability discrimination claim is underscored by Plaintiff's
26   Opposition itself, which states plainly that the claim rests on
27   the fact that "[p]laintiff was terminated because of her back
28   condition and inability to work without restriction."

12

(Pl.'s Opp'n, ECF No. 13 at 4:20-22.)  Defendant also argues
Plaintiff fails to identify what discrimination occurred and has
not alleged facts which suggest Defendant harbored a
discriminatory intent.  (ECF No. 12 at 11-12.)

     "To establish a prima facie case for disparate treatment
discrimination, plaintiff must show (1) he suffers from a
disability, (2) he is otherwise qualified to do his job, (3) he
suffered an adverse employment action, and (4) the employer
harbored discriminatory intent."  Avila v. Continental Airlines,
Inc., 165 Cal. App. 4th 1237, 1246 (2008).  For employment
discrimination claims, the complaint need not contain specific
facts establishing a prima facie case of discrimination.
Twombly, 550 U.S. 544, 569-80 (aff'g Swierkiewicz v. Sorema N.A.,
524 U.S. 506, 508 (2002)).  Still, Plaintiff has an obligation to
provide the grounds of his or her entitlement to relief, which
requires more than labels or conclusions, and a formulaic
recitation of the elements of a cause of action.  Twombly,
550 U.S. at 555 (internal citations omitted).  The Plaintiff's
"factual allegations must be enough to raise a right to relief
above the speculative level."  Id.

     Plaintiff's claim for disability discrimination is
inadequately pled.  Aside from alleging that she suffered from a
disability and that she could perform her essential job duties
even with the work restriction, Plaintiff has not pled any clear
facts that establish, or even necessarily infer, a claim for
disability discrimination.  In particular, Plaintiff has not
identified an adverse employment action, as she must to state a
viable claim.

13

1  Despite premising her claim on an alleged termination, the facts
2  of this matter belie that any such terminated occurred.

3      Notwithstanding Plaintiff's peppered use of the word
4  "terminated" throughout her FAC, the facts alleged suggest that
5  Plaintiff was not terminated; to the contrary, she was simply on
6  extended disability leave.  While Plaintiff was not working
7  during the period of January 2009 through December 2009, there is
8  a fundamental difference between extended leave and termination.
9  As Defendant points out, the letter from Ms. Bliss to Plaintiff
10 indicates that she was still on medical leave as of April 20,
11 2009.  These facts are inconsistent and do not on their face
12 reasonably lead to a conclusion of discriminatory action or
13 termination of Plaintiff on the part of the Defendant.

14     Finally, Plaintiff has not pled that Defendant harbored a
15 discriminatory intent.  Plaintiff alleges that Defendant's policy
16 requires Plaintiff to be able to work without restriction.  (FAC,
17 ¶ 11.)  While such a policy would indeed be a per se violation of
18 FEHA (see McGregor v. Nat'l R.R. Passenger Corp., 187 F.3d 1113,
19 1116 (9th Cir. 1999)), there is no evidence that this rule
20 applies in this particular case.  Plaintiff has pled no facts to
21 support her bare allegation that Defendant has such a policy.
22 Assuming Defendant did refuse to reinstate plaintiff until she
23 was 100 percent healed, nothing in the FAC shows that this action
24 was a part of a broader policy.

25     Plaintiff has not pled sufficient facts to demonstrate that
26 she suffered an adverse employment action due to her physical
27 disability or that Defendant harbored a discriminatory intent.
28 ///

14

To the extent Plaintiff's disability discrimination claim is based on a failure to accommodate theory, the Court finds that Plaintiff's rights are adequately represented in Plaintiff's second cause of action for failure to accommodate and third cause of action for failure to participate in the interactive process. Accordingly, Defendant's Motion to Dismiss as to Plaintiff's claim for disability discrimination is granted.

**B.   Violation of California Family Rights Act**

Plaintiff's Fourth Cause of Action alleges that Defendant violated the CFRA, which requires an employer to allow an employee medical leave and refrain from terminating Plaintiff during the time of that medical leave.  Plaintiff alleges that Defendant failed to provide medical leave or, in the alternative, that Defendant terminated Plaintiff during the time period of said leave.  (FAC, ¶ 31.)  Defendant argues that Plaintiff has not pled facts to support the contention that Defendant failed to provide Plaintiff with CFRA leave.  (ECF No. 12 at 13.) Defendant argues that Plaintiff's alternative claim, that "Defendant terminated Plaintiff during the time period of said leave" is essentially an admission that Plaintiff was given CFRA leave.  (Id.)  Defendant also contends that Plaintiff fails to plead she had a serious medical condition and that she met CFRA eligibility requirements.  (Id.)

///

///

///

1        **1.   CFRA Interference**

2

3        The CFRA was "intended to give employees an opportunity to

4    take leave from work for certain personal and family reasons

5    without jeopardizing security." Nelson v. United Technologies,

6    74 Cal. App. 4th 597, 406 (2d Dist. 1999).  Under the CFRA, an

7    employee is entitled to up to 12 weeks of unpaid leave from work

8    in the event of a serious illness or injury to the employee or

9    close family member.  Cal. Gov't Code § 12945.2.  The CFRA also

10   prohibits an employer from "refus[ing] to hire, or to discharge,

11   fine, suspend, expel, or discriminate against any individual

12   because of [his or her] exercise of the right to family care or

13   medical leave" provided by the CFRA.  Id.  Inherent in a claim

14   for violation of the CFRA, then, is the requirement that the

15   employer denied the employee leave to which the employee was

16   entitled.

17       Nothing in the Plaintiff's FAC supports her contention that

18   she was denied leave or not given enough leave under the CFRA.

19   In fact, the April 20, 2009 letter suggests just the opposite —-

20   that Plaintiff was given and exhausted all of her CFRA leave and

21   additional disability leave authorized by the ADA.  The gravamen

22   of Plaintiff's complaint is that she was given too much leave —-

23   from October 2008 until December 2009.  Further, as Defendant

24   points out, Plaintiff's alternative claim that she was terminated

25   while on said leave contemplates that she was in fact given the

26   CFRA leave.

27   ///

28   ///

16

Plaintiff must provide more than a "naked assertion" and conclusory allegation that Defendant interfered with her CFRA rights and denied her leave.  <u>Twombly</u>, 550 U.S. at 557.  That burden has not been met.

As to Plaintiff's claim that she was terminated while on medical leave, Plaintiff has pled no facts to demonstrate that she was terminated at all.  The very fact that Plaintiff states in her FAC that she was permitted to return to work on December 28, 2009 contravenes her contention that she was terminated.  (<u>See</u> FAC, ¶ 12.)  Without more facts to illustrate the circumstances which led Plaintiff to believe she had been terminated sometime between January and December 2009, this claim cannot survive.  Defendant's Motion to Dismiss Plaintiff's fourth claim for interference with Plaintiff's CFRA rights is granted.

**2.   Retaliation**

To the extent Plaintiff's allegations can be construed as a claim for CFRA retaliation, Defendant argues that Plaintiff's potential claim fails on multiple grounds.  First, Defendant argues Plaintiff has failed to make allegations of protected activity or retaliatory intent.  (ECF No. 12 at 14.)  More importantly, Defendants argue that a CFRA retaliation theory is not supported by Plaintiff's DFEH Complaint.  (<u>Id.</u> at 14-15.)

///

///

///

///

1   "The elements of a cause of action for retaliation in

2   violation of the CFRA . . . are as follows: (1) the defendant was

3   an employer covered by the CFRA; (2) the plaintiff was an

4   employee eligible to take CFRA leave; (3) the plaintiff exercised

5   her right to take leave for a qualifying CFRA purpose; and

6   (4) the plaintiff suffered an adverse employment action, such as

7   termination . . . because of her exercise of her right to CFRA

8   leave." Faust v. California Portland Cement Co.,

9   150 Cal. App. 4th 865, 885 (2d Dist. 2007).

10   Additionally, under FEHA, an employee must exhaust the

11   administrative remedies provided by statute by filing a claim

12   with the DFEH and obtaining a notice of right to sue in order to

13   be entitled to file a civil action against an employer for

14   violations of FEHA. Romano v. Rockwell Int'l, 14 Cal. 4th 479,

15   492 (1996). The purpose of exhausting administrative remedies

16   with DFEH is to afford the agency an opportunity to investigate

17   the charge. Vasquez v. County of Los Angeles, 349 F.3d 634, 644

18   (9th Cir. 2003).

19   In the context of FEHA, failure to exhaust administrative

20   remedies is "a jurisdictional, not a procedural, defect. . . ."

21   Martin v. Lockheed Technical Operations Co., 29 Cal. App. 4th

22   1718, 1724 (1994). A district court may address all claims of

23   discrimination that fall within the scope of the agency's actual

24   investigation, or are reasonably expected to grow out of the

25   charge made to either the DFEH or EEOC.

26   ///

27   ///

28   ///

18

1  <u>Vasquez</u>, 349 F.3d at 644; <u>Nazir v. United Airlines, Inc.</u>,

2  178 Cal. App. 4th 243, 266-67 (1st Dist. 2009) (the scope of the

3  judicial complaint may "encompass any discrimination 'like and

4  reasonably related to' the allegations of the EEOC [or DFEH]

5  charge.").

6      Whether or not Plaintiff is asserting a CFRA retaliation

7  claim is unclear.  Plaintiff alleges that at all times relevant

8  to her claims, the CFRA was in effect and binding on Defendant.

9  (FAC, ¶ 30.)  Plaintiff also alleges that she has a serious

10  medical condition.  (<u>Id.</u>)  Plaintiff's FAC alleges that Defendant

11  terminated Plaintiff during her CFRA leave.  (<u>Id.</u> ¶ 31.)  Only in

12  Plaintiff's Opposition does Plaintiff assert, for the first time,

13  that "[d]efendant retaliated against Plaintiff's exercise of CFRA

14  medical leave, refused to allow Plaintiff to return to work, and

15  terminated Plaintiff's employment."  (ECF No. 13 at 5-6.)

16      To the extent these allegations can be construed as a CFRA

17  retaliation claim, Plaintiff's claim still fails on multiple

18  grounds.  First, Plaintiff has not adequately pled that she

19  engaged in a protected activity.  More importantly, as to the

20  fourth prong, Plaintiff fails to adequately plead that she was

21  terminated or that she suffered some other adverse employment

22  action for exercising her CFRA rights.

23      Finally, as Defendants note, Plaintiff did not include CFRA

24  retaliation as a charge in her DFEH Complaint.  Plaintiff's DFEH

25  Complaint charges that she was "fired," "denied employment,"

26  "denied accommodation," and "denied family or medical leave" on

27  the basis of her physical disability.  (FAC, Ex. 1.)

28  ///

19

Plaintiff specifies the reason for the alleged disability
discrimination was that her "[d]octor release indicated work
restrictions." (Id.)  Nothing in Plaintiff's DFEH Complaint
resembles a CFRA retaliation charge.  Moreover, Plaintiff has not
shown that a retaliation claim for exercising her CFRA rights is
"like or reasonably related" to her DFEH Complaint charges based
on disability discrimination.  In fact, Plaintiff's DFEH
Complaint alleges that she was "denied family or medical leave,"
not that she was retaliated against and suffered an adverse
employment action for taking such leave.  Accordingly,
Defendant's Motion to Dismiss any potential CFRA retaliation
claim by Plaintiff is granted.

## C.    Wrongful Termination in Violation of Public Policy

Plaintiff's Fifth Cause of Action alleges tortious
termination in violation of public policy.  Plaintiff alleges
that Defendant terminated Plaintiff because of Plaintiff's
medical condition and request for a medical leave of absence.
(FAC, ¶¶ 33-34.)  Plaintiff alleges Defendant's conduct
contravenes public policy because Defendant is in violation of
California Government Code sections 12940 and 12945.2.  (Id.)
Defendant argues that Plaintiff has failed to allege that
Plaintiff was terminated thus, this cause of action fails to
state a viable claim for relief.  (ECF No. 12 at 15.)
California recognizes a common law tort action for wrongful
discharge "in cases which the termination contravenes public
policy."

1  Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).  "To

2  state a cause of action for wrongful discharge in violation of

3  fundamental public policy, an employee must prove that his

4  dismissal violated a policy that is fundamental, beneficial for

5  the public, and embodied in statute or constitutional provision.

6  Tort claims for wrongful discharge typically arise when an

7  employer retaliates against an employee for '(1) refusing to

8  violate a statute . . . [,] (2) performing a statutory obligation

9  . . . [,] (3) exercising a statutory right or privilege . . .

10 [, or] (4) reporting an alleged violation of a statute of public

11 importance.'"  Cramer v. Consolidated Freightways, Inc., 209 F.3d

12 1122, 1135 (9th Cir. 2000) (quoting Turner v. Anheuser-Busch,

13 Inc., 7 Cal. 4th 1238, 1256 (1994)). Disability discrimination in

14 violation of FEHA "can form the basis of a common law wrongful

15 discharge claim."  City of Moorpark v. Superior Court,

16 18 Cal. 4th 1143, 1161 (1998).

17      As previously discussed, this Court finds that Plaintiff has

18 failed to plead facts to support the claim that she was

19 terminated by Defendant between January 2009 and December 2009.

20 Plaintiff's claim for termination in violation of public policy

21 cannot survive and Defendant's Motion to Dismiss must be granted

22 as to this claim as well.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

21

**CONCLUSION**

Plaintiff was previously granted leave to amend her original Complaint to address deficiencies in her claims for disability discrimination, violation of the CFRA, and tortious termination in violation of public policy. (See ECF No. 9 at 11.)  After considering Plaintiff's original Complaint, FAC, and the documents submitted in conjunction with those pleadings, the Court finds the allegation which these three claims are premised, namely, that Plaintiff was terminated, to be fatally flawed. Plaintiff offers no additional support or factual allegations to support her belief that she was terminated.  To the contrary, the facts presented to the Court suggest that Plaintiff was not terminated at all.  While Plaintiff alleges she was terminated in January 2009, the April 20, 2009 letter refutes Plaintiff's claim and suggests that at that point, Plaintiff was still on extended disability leave.  Moreover, Plaintiff was reinstated at United Facilities in December 2009 when she was released from her work instruction/restriction.  Plaintiff's attempt to conflate the concepts of termination and extended disability leave fails. Plaintiff's claims for disability discrimination, violation of the CFRA, and tortious termination in violation of public policy, all of which are dependent on a finding that Plaintiff was indeed terminated, therefore, cannot stand.  Amendment at this point would be futile, as Plaintiff has already been given the opportunity to amend but still has not, and cannot, allege that she was in fact terminated.

///

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED without leave to amend.

IT IS SO ORDERED.


Dated: February 17, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE